UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-81461-LEIBOWITZ/AUGUSTIN-BIRCH

**MINOR AC**,

    *Plaintiff*,

v.

**FOREST TRAIL ACADEMY, LLC,** *et al.*,

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Proceed Under Pseudonym (the "Motion") [ECF No. 12], filed on December 23, 2024. Upon due consideration, the Motion [ECF No. 12] is **GRANTED**. The Court notes that Defendants have not yet been served. If they wish, Defendants may challenge Plaintiff's proceeding under pseudonym and this protective order once they are served.

In its Motion, Plaintiff asks the Court to grant leave to proceed in this case pseudonymously as "A.C." and for a protective order barring the disclosure of Plaintiff's true name or other information that identifies him and requiring that any documents containing such information be redacted or filed under seal. [ECF No. 12-1]. Plaintiff argues that good cause exists due to the matter's intimate nature, the active criminal prosecution of Defendant Randall Cook, the pending criminal prosecution of multiple employees, agents, and staff members of Atlantis Leadership Academy, and the real and actual threats to Plaintiff's safety and privacy. [ECF No. 12-1 at 1].

1. **Plaintiff's Request to Proceed Under Pseudonym**

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading" must "name all the parties[.]" *See also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020)

("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992))). Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). This rule, however, is not absolute; a party may proceed under a pseudonym "in 'exceptional case[s].'" *Id.* (alteration in original) (quoting *Frank*, 951 F.2d at 323).

Parties may proceed anonymously if they show "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B*, at 1315–16 (quoting *Frank*, 951 F.2d at 323). The test for a substantial privacy right involves three factors: "First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" *Id.* at 1316.

The Court finds, subject to later opposition by Defendants, that Plaintiff has shown that he has a substantial privacy right. In this case, "'the issues involved are matters of a sensitive and highly personal nature,'" so that "the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" *Plaintiff B*, 631 F.3d at 1316–17 (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)). The crux of Plaintiff's allegations is that he was trafficked as a minor from the United States to Jamaica for purposes of enrolling him at Atlantis Leadership Academy, and while he was there he experienced numerous instances of physical, emotion, and mental abuse and neglect. [ECF No. 12-1 at 2]. Accordingly, Plaintiff's request to proceed under pseudonym, subject to later opposition, is GRANTED.

**2. Plaintiff's Request for Entry of a Protective Order**

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, any "party or any person from whom discovery is sought may move for a protective order," and the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) (citing *U.S. v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The decision to enter a protective order is within the Court's discretion and does not depend on a legal privilege. *Id.* at 429 (citing F*arnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985)).

The Eleventh Circuit has found that in determining whether to enter a protective order, courts must analyze: "(1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). However, these factors are not exhaustive and "the sole criterion for determining the validity of a protective order is the statutory requirement of 'good cause' … [, which] signifies a sound basis or legitimate need to take judicial action." *Id.* Moreover, the most critical factor for the Court to analyze under Rule 26(c) is the "balancing of interests" between the parties. *See In re Chiquita Brands Int'l, Inc.*, 965 F.3d at 1251.

The Court finds, subject to later opposition by Defendants, that Plaintiff has shown good cause for entering his proposed protective order as it is presently written. The proposed protective order, based upon the showing before the Court at this time, strikes the appropriate balance between Plaintiff's safety interests and Defendants' interests in investigating and defending against Plaintiff's claims. Thus, Plaintiff's request for entry of a protective order is **GRANTED**.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 12**] is **GRANTED**. Defendants may oppose the Motion if they wish once they are served and move the Court to lift the protections of anonymity and the protective order. The following protections to Plaintiff's identity apply:

1. Plaintiff shall proceed in pseudonym and the docket shall continue to reflect Plaintiff's name as "A.C.";

2. Plaintiff shall be referred to by pseudonym in all depositions, pleadings, and other documents related to this litigation and in all proceedings held before this Court;

3. Plaintiff's identity shall be available to the attorneys of record and in-house counsel for the Defendants, who shall not disclose or permit disclosure thereof, except to their law partners, associates and persons employed in the law offices of such attorneys;

4. Each person whom Plaintiff's identity is disclosed pursuant to this Order shall agree in advance that he or she will not disclose Plaintiff's identity to any other person and shall be bound by this Order;

5. In the event Defendants believe it is necessary in the defense of the claims for it to disclose Plaintiff's identity to persons other than those specified in this Order, Defendants shall communicate with Plaintiff's counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court.

**DONE AND ORDERED** in the Southern District of Florida on December 30, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record